UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH M. POMPLIANO,<br><br>        *Plaintiff,*<br><br>  v.<br><br>JAYESH KAPOOR, \<joepompliano.com\> and \<joepomp.com\><br><br>        *Defendant.* | 1:21-cv-10945<br><br>**COMPLAINT** |

Plaintiff Joseph M. Pompliano, by his undersigned attorney, HILARY B. MILLER, ESQ., as and for his complaint against defendant Jayesh Kapoor, respectfully shows:

**INTRODUCTION**

*1.* This is an action in law and equity for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1115(d), trademark infringement and false designation of origin under Section 43 of the federal Lanham Trade-Mark Act of 1946, 15 U.S.C. § 1125, and for violation of rights of publicity under New York Civil Rights Law §§ 50-51. As set forth below, defendant[1] registered the Internet domain names \<joepompliano.com\> and \<joepomp.com\> — plaintiff's name — and has caused them to redirect and divert consumer traffic to defendant's own web site, in direct competition with plaintiff's business. In the alternative, plaintiff also seeks redress through an *in rem* civil action pursuant to 15 U.S.C. § 1125(d)(2) against the domain names \<joepompliano.com\> and \<joepomp.com\>.

---

[1] References herein to "defendant" are to the individual defendant Jayesh Kapoor a/k/a "Jay" Kapoor. The infringing domain names \<joepompliano.com\> and \<joepomp.com\> are joined for purposes of alternative *in rem* relief as hereinafter set forth.

## JURISDICTION AND VENUE

*2.* The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state and common-law claims asserted herein under 28 U.S.C. § 1367(a).

*3.* Jurisdiction over the New York state and common-law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state-law claims which are joined with the federal cybersquatting, trademark and unfair competition claims.

*4.* Venue lies in this District pursuant to 28 U.S.C. § 1391 because the claims arise in the Southern District of New York under 28 U.S.C. §§ 1391(b)(2) and 1391(c), and defendant resides and is doing business in this District by, among other things, selling his services in this District.

## THE PARTIES

*5.* Plaintiff Joseph M. Pompliano is a natural person who resides in the City of Miami, Dade County, Florida. "Joe" Pompliano and "Joe Pomp" are nicknames of plaintiff since childhood, and they are currently used by him commercially.

*6.* Defendant Jayesh Kapoor (also known as "Jay" Kapoor) is a natural person who resides in the City, County and State of New York. Kapoor is the founder and co-host of a weekly podcast that features interviews of professional athletes regarding their business ventures. Defendant is a direct competitor of plaintiff.

*7.* Third party VeriSign, Inc., VeriSign Information Services, Inc., and VeriSign Global Registry Services (collectively, "VeriSign") are the domain name registry entities that that oversee the registration of all domain names ending in .com. The VeriSign entities are located in Reston, Virginia.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*8.* Plaintiff's legal name is Joseph Pompliano, and he is known professionally and commercially as "Joe" Pompliano and "Joe Pomp."

*9.* Plaintiff is the author, editor and publisher of a daily electronic newsletter regarding the economics and business of sports. Plaintiff is also the host of a podcast distributed under his name, "The Joe Pomp Show."

*10.* Without authorization or consent from plaintiff, and despite plaintiff's prior use of and rights in his own name and nicknames in the United States and elsewhere, on or about January 28, 2021, defendant registered the internet domain names <joepompliano.com> and <joepomp.com> and caused them to redirect to defendant's own web site at https://www.thegameplan.show, which contains advertising material for defendant's competing podcast services.

*11.* Defendant thereby began offering for sale, selling, advertising, promoting, and distributing, within this judicial district and in interstate and international commerce, his own competing podcast and related services using plaintiff's name.

*12.* Defendant did so without the sanction of any court of law's ruling that defendant owns any rights whatsoever to exploit the "Joe Pompliano" or "Joe Pomp" names for com-

mercial use, and without the benefit of any common law trademark or service mark rights or ownership of registrations for defendant in any form.

13. Defendant, on his website to which the infringing domain names redirect and otherwise, offers his services to the same and similar customers and potential customers as plaintiff. Like plaintiff, defendant's customers and potential customers include sports fans and players, investors, bankers and others interested in the business of sports.

14. Defendant is trading on plaintiff's name by wrongfully referring to plaintiff *by name* in connection with the foregoing business, products and services. Defendant's infringing use of the domain names <joepompliano.com> and <joepomp.com> is confusingly similar to plaintiff's own name in appearance, sound, meaning, and commercial impression.

15. Defendant's use of plaintiff's names in connection with its services is likely to confuse and deceive consumers and harm plaintiff's substantial reputation and goodwill as symbolized by his names. Defendant is not affiliated with or sponsored by plaintiff, and has not been authorized by plaintiff to use his distinctive names or any mark confusingly similar thereto to identify defendant's products or services.

16. Defendant's adoption and use of the infringing names for his services is likely to cause confusion, mistake or deception among purchasers and the consuming public as to the source, origin or sponsorship of defendant's good and services. A substantial number of actual and potential purchasers and consumers, upon encountering defendant's services or advertising or materials bearing the infringing use of plaintiff's names, are likely to mistakenly believe that defendant's services originate with, or are licensed, approved, sponsored by, or otherwise affiliated with or related to, plaintiff or to plaintiff's and services.

*17.* Defendant and the infringing domain names have deliberately harmed, and will continue to harm, the goodwill enjoyed by plaintiff in the United States and abroad among virtually all consumers by creating a false association between the genuine services provided by plaintiff and those associated with defendant.

*18.* Defendant used plaintiff's names in connection with his services and registered the infringing domain names despite the fact that he lacks any legitimate intellectual property rights whatsoever in the "Joe Pompliano" and "Joe Pomp" names in the United States, or in any of the other countries in which defendant conducts his business.

*19.* Defendant's use of the "Joe Pompliano" and "Joe Pomp" names and the infringing domain names are identical to plaintiff's names. Thus, defendant's use of the "Joe Pompliano" and "Joe Pomp" names and infringing domain name are confusing similar to the well-known name of plaintiff and violates plaintiff's exclusive service mark rights in his name in the United States and abroad.

*20.* Defendant used the "Joe Pompliano" and "Joe Pomp" names and registered the infringing domain names despite his actual knowledge of plaintiff's names, his awareness of plaintiff's existence as an international provider of high quality publishing and broadcasting services relating to sports economics, his knowledge of the distinctiveness of the plaintiff's names, his knowledge that plaintiff's names were well known to customers and partners of plaintiff, and his knowledge that plaintiff has no intellectual property rights in defendant's names.

## FIRST CLAIM FOR RELIEF
## Cybersquatting Under the Anticybersquatting Consumer Protection Act –15 U.S.C. § 1125(d) (Against Defendant)

21. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 19 above.

22. Plaintiff's names were distinctive at the time that defendant began infringing use of those names and at the time that defendant registered the infringing domain names and remain distinctive today.

23. Plaintiff's names were well known at the time that defendant began infringing use of the plaintiff's names and at the time that defendant registered the infringing domain names and remain well known today.

24. Defendant's use of plaintiff's names in the infringing domain name is nearly identical and confusingly similar to plaintiff's name.

25. Defendant has registered, trafficked in, and/or used plaintiff's names in the infringing domain name with a bad faith intent to profit from plaintiff's name.

26. Defendant's registration, trafficking in, and/or use of the infringing domain name has caused, and is likely to cause, irreparable harm to plaintiff's goodwill and reputation.

27. Defendant has continued its unlawful infringing use of plaintiff's names despite receiving a cease-and-desist demand from plaintiff and is willfully infringing plaintiff's names.

28. As a result of defendant's actions, plaintiff has suffered and continues to suffer irreparable harm for which he has no adequate remedy at law, and which will continue unless defendant's actions are enjoined.

29. Defendant's activities as alleged herein constitute a violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

30. As a result of defendant's willful and intentional actions, plaintiff has been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Cybersquatting Under the Anticybersquatting Consumer Protection Act –15 U.S.C. § 1125(d) (*In Rem* Against Infringing Domain Names)

31. Plaintiff realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29 above.

32. Plaintiff's names were distinctive at the time that defendant began infringing use of those names and at the time that defendant registered the infringing domain names and remain distinctive today.

33. Plaintiff's names were well known at the time that defendant began infringing use of the plaintiff's names and at the time that defendant registered the infringing domain names and remain well known today.

34. Defendant's use of plaintiff's names in the infringing domain name is nearly identical and confusingly similar to plaintiff's name.

35. Defendant has registered, trafficked in, and/or used plaintiff's names in the infringing domain name with a bad faith intent to profit from plaintiff's name.

36. Defendant's registration, trafficking in, and/or use of the infringing domain name has caused, and is likely to cause, irreparable harm to plaintiff's goodwill and reputation.

*37.* Defendant has continued its unlawful infringing use of plaintiff's names despite receiving a cease-and-desist demand from plaintiff and is willfully infringing plaintiff's names.

*38.* As a result of defendant's actions, plaintiff has suffered and continues to suffer irreparable harm for which he has no adequate remedy at law, and which will continue unless defendant's actions are enjoined.

*39.* Defendant's activities as alleged herein constitute a violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

*40.* As a result of defendant's willful and intentional actions, plaintiff has been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### False Designation of Origin, Passing Off and Unfair Competition Under The Lanham Act – 15 U.S.C. § 1125(a) (Against Defendant)

*41.* Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 39 above.

*42.* Plaintiff's names are distinctive marks that are associated with plaintiff and exclusively identify his business and services.

*43.* Without authorization from plaintiff, defendant has adopted and continues to make infringing use of plaintiff's names in connection with the advertising and sale of services in commerce in a manner to falsely designate the origin of defendant's services to cause confusion, mistake or deception of the public by suggesting that those products and services are sponsored by or affiliated with plaintiff, in violation of 15 U.S.C. § 1125(a).

*44.* Defendant's acts have a substantial economic effect on interstate commerce because the services bearing the infringing plaintiff's names are advertised and sold in interstate and international commerce, and because plaintiff's own services bearing his names are also advertised and sold in interstate and international commerce.

*45.* Defendant's aforesaid acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a), and defendant's use of a term identical or confusingly similar to plaintiff's names for highly similar services constitutes a false designation of origin, passing off and unfair competition. Therefore, defendant is liable to plaintiff for violation of the Lanham Act, 15 U.S.C. § 1125(a).

*46.* Defendant has continued his unlawful infringing use of plaintiff's names despite receiving a cease-and-desist demand from plaintiff and is willfully infringing plaintiff's names.

*47.* As a result of defendant's actions, plaintiff has suffered and continues to suffer irreparable harm for which he has no adequate remedy at law, and which will continue unless defendant's actions are enjoined.

*48.* As a result of defendant's willful and intentional actions, plaintiff has been damaged in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### Use of Plaintiff's Name for Advertising or Trade Purposes Under New York Civil Rights Law § 51 (Against Defendant)

*49.* Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 47 above.

*50.* Defendant knowingly, and without plaintiff's consent, in defendant's business as aforesaid, and for purposes of trade, has used plaintiff's name in advertising in connection with the promotion of defendant's business services.

*51.* Such use was knowing, willful and malicious and a knowing violation of law.

*52.* Defendant's use of plaintiff's name as aforesaid constitutes a violation of New York Civil Rights Law § 51.

*53.* As a result of defendant's actions, plaintiff has suffered and continues to suffer irreparable harm for which he has no adequate remedy at law, and which will continue unless defendant's actions are enjoined.

*54.* As a result of defendant's willful and intentional actions, plaintiff has been damaged in an amount to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court:

1.      Enter judgment in favor of plaintiff and against defendant;

2.      Enter a preliminary and permanent injunction, pursuant to 15 U.S.C. §§ 1116 and 1125, and the common law, enjoining defendant and his agents, servants, employees, successors and assigns, and all persons and entities in active concert or participation with them, from engaging in any of the activity complained of herein or from causing any of the injury complained of herein and from assisting, aiding or abetting any other person or busi-

ness entity in engaging in or performing any of the activity complained of herein or from causing any of the injury complained of herein;

3. Enter a preliminary and permanent injunction enjoining defendant and his agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from:

    a. Using, linking to, transferring, selling, exercising control over, or otherwise owning the infringing domain names or any other domain name or trademark or service mark that incorporates, in whole or in part, plaintiff's names or any of them.

    b. Using, registering, or applying to register plaintiff's names or any other trademark or trade name confusing similar to plaintiff's names, in connection with the sale, advertising, promotion or distribution of any of defendant's goods or services;

    c. Using false representations or descriptions in commerce or using false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of defendants or its products or services with plaintiff or its products or services, or as to the origin, sponsorship, or approval of defendant or his products or services

    d. Otherwise infringing plaintiff's names; and

    e. Unfairly competing with plaintiff or otherwise injuring his business reputation in any manner;

    f. Publishing any telephone, directory or Internet listing making infringing use of plaintiff's names and any other mark containing any of plaintiff's names and

any other mark confusingly similar to plaintiff's names, in the advertising, offering for sale and/or sale of any of defendant's products or services;

  g. Engaging in the unlawful, unfair or fraudulent business acts or practices including, without limitation, the actions describe herein;

  h. Destroying, altering and/or removing any books or records that contain any information relating to the infringing and unfairly competing use of plaintiff's names;

4. Order that defendant transfer the infringing domain names <joepompliano.com> and <joepomp.com> to plaintiff, and order pursuant to the All Writs Act, 28 U.S.C. § 1651(a), that third-party VeriSign transfer the said domain names to plaintiff;

5. Declare that defendant's conduct has been willful and that defendant has acted with fraud, malice and oppression;

6. Enter judgment, pursuant to 15 U.S.C. §§ 1117 and 1125, and New York Civil Rights Law § 51, and the common law, awarding plaintiff actual damages from defendant adequate to compensate plaintiff for defendant's activity complained of herein and for any injury complained of herein, plus all the profits that are attributable to defendant's infringing and unfairly competing use of plaintiff's names, and order that defendant account and pay plaintiff such damages, including but not limited to compensatory damages and interest and costs, in an amount to be proven at trial, and such other sums as the Court finds to be just;

7. Order imposition of a constructive trust on all proceeds and/or fruits of defendant's use of plaintiff's names;

8. Enter judgment disgorging defendant's profits;

-13-

9. Enter judgment awarding enhanced, exemplary and special damages, in an amount to be proven at trial;

10. Enter judgment awarding attorneys' fees and costs; and

13. Order all such other and further relief, in law or in equity, to which plaintiff may be entitled, or which the Court deems just and proper.

Dated: December 21, 2021

                                          HILARY B. MILLER
                                              (HM-4041)
                          500 West Putnam Avenue – Suite 400
                            Greenwich, Connecticut 06830-6096
                                      (203) 587-7000
                                      hilary@miller.net

*Attorney for Plaintiff*

C:\Users\Hilary B. Miller\Documents\Documents\Pompliano, Joseph M\Complaint (from Hbmdesktop2010).doc (December 21, 2021 at 13:29:00 Rev. 2)